JOHN S. HATTON *v.* W. E. STEWART.

PARTNERSHIP. *Dissolution. Use of partnership name. Ratification.* **To** constitute a ratification by one partner of the use by another partner after dissolution, of the firm name, in the renewal of a partnership note, there must be some act on the part of the former fairly implying a willingness to affirm what had been done.

FROM MADISON.

Appeal in error from the Law Court of Madison County. ———, Sp, J.

TOMLIN & TOMLIN, for Hatton.

CAMPBELL & McCORRY for Stewart.

COOPER, J., delivered the opinion of the court.

The defendant and P. R. Stewart were partners in business from 1855 to 1858, when the partnership was dissolved, the assets of the firm being turned over to P. R. Stewart with authority to wind up the business. A note executed by the firm during its existence was renewed by P. R. Stewart in the firm's name in 1859, again in 1862, and again, after making some payments, for the balance due on the 21st of November, 1865. The plaintiff, as assignee of the last note, brought this suit thereon in the circuit court against W. E. Stewart, who pleaded *non est factum.*

It is the settled law of this State, in accordance with the weight of authority, that one partner cannot,

after dissolution, bind his copartner by a renewal of a partnership note in the firm's name, even if authorized to settle the partnership business and use the firm's name in liquidation. *McElroy* v. *Melear,* 7 Col., 140; *Martin* v. *Kirk,* 2 Hum., 529; *Napier* v. *Catron,* 2 Hum., 531; 1st Dan. Neg. Inst., sec. 370, 373.

The issue upon the trial turned upon the question of ratification, and the jury found a verdict in favor of the defendant. The burden of proof was upon the plaintiff to show the ratification, and there is certainly no such preponderance of evidence in favor of the plaintiff as would justify any interference with the verdict; unless there is error in the charge of the judge to the jury, the judgment must be affirmed.

The only error assigned in the argument submitted on behalf of the plaintiff in error, is directed to the charge on the question of ratification. "A ratification," said his Honor, "may be simply by keeping silent, and not repudiating the act, in the case of an agent conferring a benefit on the principal. But in a case where one partner is settling up the partnership affairs, and extends his authority without conferring a benefit upon the firm, then it would require some affirmative act upon the part of the other partner, adopting the unauthorized act as his own, with full knowledge of all the facts of the transaction, to make a ratification. So ratification is the adopting and making some previous act one's own, and may be done in either of the ways under the circumstances as explained."

The main objection urged to the charge is in the requirement of "some affirmative act" on the part of the defendant to establish a ratification. The expression is not, perhaps, the best that could have been used to convey the meaning manifestly intended. His Honor has just said that a principal who has received a benefit by the act of his agent, may ratify that act by simply keeping silent or not repudiating it. He now says that something more is required to make a ratification by one partner of the use of the firm's name after dissolution by his copartner. In this he is clearly in accord with the authorities. "Ratification," says the Supreme Court of Virginia, "cannot be inferred from mere silence, when informed that another has used one's name." *Horton* v. *Towns*, 6 Leigh, 47. "Remaining silent," says this court, "or failing to dissent from the contract made by his partner outside of their business, would be a circumstance to prove assent previous or subsequent, but would not be conclusive as fixing his (the copartner's) liability as a matter of law." *Ferguson* v. *Shepherd*, 1 Sneed, 256. Something more is required, namely, an "affirmative act," that is to say, some act from which the jury can infer an affirmance of what has been done. Ratification is an agreement to adopt an act performed by another for us, and is either express or implied. Bouv. Law Dic., voce, ratification, cited with approval in *Evans* v. *Buckner*, 1 Heisk., 294. Ratification can only be express, or by acts and conduct inconsistent with any other hypothesis than that he approved and intended to adopt what had been done in his name.

1 Dan. Neg. Inst., sec. 317; *Supervisors* v. *Schenck,* 5 Wall., 782. All that his Honor meant, therefore, by the language used, was, that in addition to silence, there should be some act on the part of the defendant fairly implying a willingness to affirm what had been done.

It is also said that the charge is defective in not telling the jury what would be a ratification. This is true; but the settled rule of this court is, that if the charge be correct as far as it goes, although not a full statement of the law on the subject, it is not error when there is no request for additional instructions. *M. & D. R. Co.* v. *Jones,* 9 Heisk., 27; *N. & C. R. Co.* v. *King,* 6 Heisk., 269. Undoubtedly the rule is subject to the qualification that if the court can see that the omission was plainly prejudicial to the appellant, and that injustice has probably been done, it may, in its sound discretion, treat the omission as reversible error. There is nothing in this case to call for a departure from the general rule. There have been two verdicts in favor of defendant, and the evidence embodied in the bill of exceptions goes far to sustain their correctness.

The judgment will be affirmed.